# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-662-RJC-DSC

| | |
|---|---|
| CHERRY REAVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOUSING AUTHORITY, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on the pro se plaintiff's Appeal (Doc. No. 15) of the Magistrate Judge's Order denying the Plaintiff's motion to appoint counsel (Doc. No. 12).

The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). A non-dispositive matter is generally one that does not bring about a final determination on a claim in a case. See Black's Law Dictionary (8th ed. 2004). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A motion to appoint counsel is a non-dispositive motion, and thus is reviewed under Rule 72(a). If a magistrate judge's order is contrary to law, then the judge must have failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

The Court has reviewed the Magistrate Judge's Order and finds no clear error. A district Court may "request" counsel to represent a person unable to afford counsel in civil litigation pursuant to 28 U.S.C. § 1915(e). "[T]he power to appoint counsel is a discretionary one, but it is

an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated in part on other grounds by* Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances exist where "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant, 739 F.2d at 163.

At this stage in the litigation, it is unclear whether a colorable claim exists. Therefore, the Magistrate Judge committed no error in denying the pro se plaintiff's request for counsel.

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Order (Doc. No. 12) is **AFFIRMED**.

Signed: March 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge