# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV662-RJC-DSC

| | |
|---|---|
| CHERRY REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| HOUSING AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss ... " (document #30), and the parties' associated briefs and exhibits. See documents #31, 35 and 38.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the subject Motion is ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In her Complaint, the pro se Plaintiff purports to assert a claim under 42 U.S.C. § 1983 by alleging generally that unnamed employees of Defendant Charlotte Housing Authority treated her "unfairly" and denied her and her children access to public housing. Plaintiff alleges that these unnamed employees took this action in retaliation "for what reason [Plaintiff does] not know." Complaint at 2 (document #1). Plaintiff fails to identify what actions these unnamed employees took or how those actions violated her constitutional rights. Most of her Complaint as well as her subsequent filings contend that her loss of public housing contributed to the Department of Social Services removing her children from her custody.

On November 28, 2011, Defendant filed its Motion to Dismiss, arguing that Plaintiff has failed to allege sufficient facts to support a Section 1983 claim.

Defendant's Motion has been briefed as set forth above and is ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing

more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

Taking the limited allegations of the pro se Complaint as true and construing every possible inference therefrom in Plaintiff's favor, her purported Section 1983 claim fails and should be dismissed. As Defendant points out in its Reply brief, to the extent that Plaintiff is attempting to assert her Section 1983 claim against any government officials in their individual capacities, she has not identified those officials nor pled any facts connecting any of those officials to the alleged constitutional violations. North Carolina v. County of Macon, 2010 WL 7351864, *8 (W.D.N.C.

2010) (plaintiff must allege facts that personally connect government official with alleged constitutional infringement) (citing <u>Vinnedge v. Gibbs</u>, 550 F.2d 926 (4th Cir. 1977).

Plaintiff has also failed to plead facts sufficient to support a municipal liability claim under Section 1983. Local governing bodies, such as counties and municipal corporations (and municipal officials sued in their official capacities), are "persons" that can be sued directly under Section 1983 for monetary, declaratory, or injunctive relief when the alleged unconstitutional action executes governmental policy or custom. <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978).

Two elements are required to properly plead and later establish municipal liability: (1) that plaintiffs' harm was caused by a constitutional violation; and (2) if so, that the municipality is responsible for that violation. A municipality is responsible only when it inflicts injury through execution of a government policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy. <u>Monell</u>, 436 U.S. at 694; <u>Spell v. McDaniel</u>, 824 F.2d 1380 (4th Cir.1987), <u>cert. denied</u>, 484 U.S. 1027 (1988). To avoid imposing the vicarious municipal liability rejected by <u>Monell</u>, any theory of municipal liability must be carefully analyzed on three critical points: (1) identifying the specific policy or custom, (2) fairly attributing the policy and fault for its creation to the municipality, and (3) finding a necessary affirmative link between identified policy or custom and the specific violation. <u>Spell</u>, 824 F.2d, at 1389.

Plaintiff has made no factual allegations that she was denied public housing through or due to any policy or custom of Defendant. Accordingly, any Section 1983 municipal liability claims fail as well.

### III. **ORDER**

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss ... " (document #30) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the <u>pro se</u> Plaintiff; to defense counsel; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: February 15, 2012

David S. Cayer
United States Magistrate Judge