UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-662-RJC-DSC

| | |
|---|---|
| CHERRY REAVES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOUSING AUTHORITY, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Defendant [Charlotte] Housing Authority's ("Defendant") Motion to Dismiss, (Doc. No. 30), the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court grant Defendant's motion, (Doc. No. 39), Plaintiff Cherry Reaves's ("Plaintiff") Objection, (Doc. No. 41), and Plaintiff's Motion to Seal Case, (Doc. No. 40).

I.  STANDARD OF REVIEW

This Court may assign dispositive pretrial matters pending before it to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's

proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## II. BACKGROUND

Plaintiff filed a complaint against Defendant on December 22, 2011. (Doc. No. 1). Plaintiff alleged "retaliation against [her] for what reason [] I don't know but it fits under discrimination in all areas." (Id.). It appears that unnamed employees of Defendant denied Plaintiff's claim for public housing and that the Department of Social Services later removed her children from her custody. (Doc. No. 39 at 1). Defendant moved to dismiss for Plaintiff's failure to state a claim against Defendant under Rule 12(b)(6) and claimed governmental immunity. (Doc. No. 31). Defendant is a part of the City of Charlotte. The Magistrate Judge recommended that this Court grant Defendant's motion because Plaintiff did not allege an unconstitutional governmental policy or custom that could lead to municipal liability. (Doc. No. 39) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Plaintiff's objection did not address this issue, but instead detailed her difficult situation. (Doc. No. 41).

## III. ANALYSIS

A. Motion to Dismiss

The Court adopts the Magistrate Judge's findings of fact because Plaintiff has not objected to them. Further, the Court's review of Defendant's motion yields the same conclusion reached by the Magistrate Judge. While Plaintiff's predicament is distressing, she cannot show that Defendant is liable for the harm she has suffered without identifying a city policy or custom

2

that violated her rights. Defendant's Motion to Dismiss, (Doc. No. 30), must be **GRANTED**.

    B.    Motion to Seal

Plaintiff has not provided any reason for her need to seal every document in this case. (Doc. No. 40). Therefore, the Court must **DENY** her request. See Stone v. Univ. of Md. Medical Sys. Corp., 855 F.2d 178, 180-81 (4th Cir. 1988).

**IV.    CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 39), is **ADOPTED**;
2. Defendant's Motion to Dismiss, (Doc. No. 30), is **GRANTED**;
3. Plaintiff's Motion to Seal Case, (Doc. No. 40), is **DENIED**; and
4. The clerk's office shall send Plaintiff two copies of this Order. The Clerk's office shall send one copy to Plaintiff's address on file and an additional copy of this Order to P.O. Box 790442, Charlotte, NC 28206, see (Doc. No. 41 at 1).

    Signed: March 27, 2012

Robert J. Conrad, Jr.
Chief United States District Judge